United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40319
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SUSANA CLEMENTINA ESPINAL,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-02-CR-581-ALL
---------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

Susana Clementina Espinal appeals the sentence imposed

following her guilty plea conviction of being found in the United

States after deportation in violation of 8 U.S.C. § 1326.

Espinal argues that the "felony" and "aggravated felony"

provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional.

In Almendarez-Torres v. United States, 523 U.S. 224, 235

(1998), the Supreme Court held that the enhanced penalties in

8 U.S.C. § 1326(b) are sentencing provisions, not elements of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

separate offenses.  The Court further held that the sentencing provisions do not violate the Due Process Clause.  Id. at 239-47. Espinal acknowledges that her argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), but asserts that the decision has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).  She seeks to preserve her argument for further review.

Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).  This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted).  The judgment of the district court is AFFIRMED.